UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2009 JUL 15  P 2: 42

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EXCELLENCY INVESTMENT REALTY TRUST, INC. and DAVID D. MLADEN,<br><br>Defendants. | No. 3:08 CV 01583-JBA |

**FINAL JUDGMENT AS TO DEFENDANT DAVID D. MLADEN**

The Securities and Exchange Commission having filed an Amended Complaint and Defendant David D. Mladen having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any

facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, while directly or indirectly the beneficial owner of more than ten percent of any class of any equity security which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or while a director or officer of the issuer of any such security, failing to file timely with the Commission the required form(s) accurately reporting (1) his beneficial ownership of the issuer's securities once he becomes director, officer, or beneficial owner of more than ten percent of such securities, and (2) changes in his beneficial ownership, in violation of Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 promulgated thereunder [17 C.F.R. § 240.16a-3].

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 [17 C.F.R. §§ 240.12b-20 and 240.13a-13] by knowingly providing substantial assistance to an issuer that violates Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 [17 C.F.R. §§ 240.12b-20 and 240.13a-13] by:

    (a)    failing to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and the rules and regulations promulgated thereunder; or

    (b)    filing with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder that (1) contains untrue statements of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statement, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $5,000, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $254, for a total of $5,254. Defendant shall satisfy this obligation by paying $5,254 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying David D. Mladen as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Deena R. Bernstein, Esq., 33 Arch Street, 23rd

Floor, Boston, Massachusetts 02110. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $50,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment by certified check, bank cashier's check or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying David D. Mladen as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payments and letters to the Commission's counsel in this action, Deena R. Bernstein, Esq., 33 Arch Street, 23rd Floor, Boston, Massachusetts 02110. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VII.

Defendant shall pay $50,000 in two installments according to the following schedule: (1) $25,000 within 90 days of the entry of this Final Judgment; and (2) $25,000

within 364 days of the entry of this Final Judgment. If Defendant fails to make any payment by the dates agreed and/or in the amounts agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, minus any payments made, shall become due and payable immediately without further application of the Court.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 14 July, 2009

/s/ Janet Bond Arterton
UNITED STATES DISTRICT JUDGE